C. AFONG *vs.* CHUN HOY and J. A. HOPPER.

APPEAL FROM BICKERTON, J.

HEARING, SEPTEMBER 1, 1891. DECISION, NOVEMBER 27, 1891.

JUDD, C.J., BICKERTON AND DOLE, JJ. McCULLY, J., ABSENT.

Money of a principal in a bank was drawn by an agent without authority, and misapplied to the payment of a debt of the agent. Held, that although by a suit at law the principal might recover it of the payee, if solvent, equity has jurisdiction in order to declare the payee trustee of the said principal, in respect to the money, and of the mortgage given by the agent. The principal would be entitled to security upon the property purchased with his money.

OPINION OF THE COURT, BY BICKERTON, J.

The bill of complaint shows that in the month of October, 1890, the complainant left this kingdom for China, having appointed said Chun Hoy as his attorney under a written power of attorney, duly recorded in the Registry of Deeds in Honolulu. That said Chun Hoy, on the 17th day of October, 1890, was lessee and proprietor of a certain leasehold and rice plantation on Kauai, and had by two mortgages dated 12th November, 1889, and 9th of September, 1890, mortgaged to James A. Hopper, defendant, the said leasehold and rice plantation, also the

crops of rice to be raised thereon, securing to said Hopper for sale on commissions by the former mortgage ten crops of rice, and by the latter not less than thirteen crops. The consideration mentioned in said mortgages was for advances made for purchase of said rice plantation, and for further loans and advances; the last mortgage recites that Chun Hoy was then indebted to said Hopper in the sum of about $30,000; that the said Hopper now holds the said securities, and was entitled to no other securities therefor. That on the first day of November, 1890, said Chun Hoy delivered to said Hopper, and said Hopper received, a check of the same date on the bank of Bishop & Company, in the sum of $29,600.79 payable to said Hopper, and signed in the name of said complainant by the said Chun Hoy, which said check was presented by said Hopper at said bank, and said Hopper received from said bank of the funds of this complainant the sum of $29,600.79, which said sum was by the said Hopper applied to the credit of said Chun Hoy in payment to that extent of moneys advanced to him and secured under said mortgages. That complainant, about the time of his leaving the kingdom, caused to be published the following notice:

### NOTICE.

Notice is hereby given that during my absence from this Kingdom Chun Hoy will act for me under full power of attorney.                                             C. AFONG.

Dated, Honolulu, October 16, 1890.

That at the time of the receipt by the said James A. Hopper of said check and of the money paid thereon as aforesaid, and placing the same to the credit of said Chun Hoy as aforesaid, he well knew that said money so paid to him on said check was not the money of the said Chun Hoy, but was the money of the complainant, and that such payment of the money of the complainant by said Chun Hoy for the private account of said Chun Hoy was, unless specially authorized by the complainant, a misapplication of the funds of the complainant, which had been deposited by the complainant in said bank, and with which the

said Chun Hoy was entrusted by the complainant for no other purposes than those mentioned in said power of attorney.

And the complainant further says that said use of his money, either by said Chun Hoy or by said James A. Hopper, was and is wholly unauthorized by him and was and is a misapplication of funds which the complainant had on leaving said Kingdom as aforesaid entrusted to said Chun Hoy for no other purposes than those above mentioned and named in said power of attorney.

That of said money received by said Hopper there has been refunded to complainant the sum of $7,921.81; that there still remains unpaid the balance of $21,678.98 with interest from November 1, 1890. That complainant has revoked said power of attorney to Chun Hoy, and appointed as his attorney Samuel M. Damon. That said Chun Hoy has no money of his own to pay said balance and no securities or property except those which have been made over by him to and are now held as aforesaid by said Hopper under his mortgages. That there is about 850 tons of rice which will be harvested from said rice plantation within the next four or five months, which will more than suffice for the payment thereout to complainant of said balance and interest, and that said Hopper has been requested by complainant to make over a sufficient amount thereof to pay said balance and interest to complainant, which said Hopper declines to do, although he well knows that out of said proceeds the said balance and interest can be paid to complainant, and also all moneys now owing to said Hopper by said Chun Hoy, and that he, said Hopper, will then be in precisely the same position with said Chun Hoy, and in respect of his said securities, as he would have been in if the said trust moneys had not been wrongfully applied. And complainant submits that said Hopper is chargeable with notice of said misapplication of said trust funds by said Chun Hoy, and ought to be declared a trustee thereof, and also of said mortgage securities, to the extent of said balance and interest, to the use of complainant. And further ought to·be decreed to pay said balance and interest to said complainant out of the proceeds of said rice crops next to be re_

ceived by him under and by virtue of said mortgages, and that both defendants ought to be restrained and enjoined from disposing of any of said crops, or the proceeds thereof, until payment to said complainant of said balance and interest. And the complainant prays accordingly.

The defendants demur to the bill of complaint, and for cause of demurrer show that the complainant has not in said bill made or stated such cause as doth or ought to entitle him to any such relief as is thereby sought and prayed for from or against the defendants. That the point of law intended to be raised by the demurrer is whether or not complainant has a complete and adequate remedy at law.

The plaintiff by his counsel consents that a *pro forma* decree be entered sustaining the defendants' demurrer; subject to plaintiff's right of appeal. Decree made accordingly, from which decree the complainant appeals to the Supreme Court in banco. And the case comes here on said appeal.

This is purely a question of jurisdiction; the question of notice is a matter for proof when the cause comes on for hearing on its merits; so also the question of declaring a trust is a matter to be decided on the proofs produced at the hearing of the case on its merits. The question for us is, does the bill on the whole present matters for the consideration of a court of equity, or has the complainant a complete and adequate remedy at law? The bill does not only seek to recover the money in question: if it did, the plaintiff's remedy would clearly be an action at law for money had and received: but it goes further and prays that defendant Hopper be declared a trustee of said money and the securities to the use of complainant. Could this relief be obtained by an action at law? Certainly not, it could only be granted by a court of equity. A judgment for the balance and interest, as claimed, would not in itself be a complete and adequate remedy if the averments in the bill are true. We are not to presume that the defendants are able to satisfy such a judgment if obtained; a court of equity will enforce its decrees. If Chun Hoy had used complainant's money, having control of it as he did, to purchase said rice plantation, there

can be no question complainant would have been entitled to security on the property. ·If it is true that the money paid by Chun Hoy to Hopper was to reimburse Hopper for money advanced by him for the purchase of said rice plantation, why should not complainant be entitled to security on the property purchased with his money?

In *Ahuna vs. Kauahikaua*, 3 Hawn., 732, the court held; "If there is any doubt whether plaintiff would have an adequate remedy at law," equity will take jurisdiction.

We are of opinion that the bill, as a whole, presents matters for the jurisdiction of a court in equity, and can be completely remedied in no other court. We therefore overrule the demurrer. Defendants to answer.

*A. S. Hartwell* and *Thurston & Frear*, for plaintiff.

*F. M. Hatch* and *W. R. Castle*, for defendants.